## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | CIVIL ACTION NO. 3:CV-11-2177 |
| v. | (JUDGE CAPUTO) |
| PHILIP A. GOLDSTEIN and SHARON A. GOLDSTEIN, | |
| Defendants. | |

## MEMORANDUM

Presently before the Court is the Motion for Summary Judgment (Doc. 10) filed by Plaintiff United States of America. The United States seeks to: (1) reduce to judgment the tax assessments made against Philip A. Goldstein ("Mr. Goldstein") and Sharon A. Goldstein ("Mrs. Goldstein"), jointly, for unpaid federal income taxes and statutory additions to taxes for the 1997, 2004, 2008, and 2009 tax years; and (2) reduce to judgment the individual tax assessments made against Mr. Goldstein for unpaid income taxes and statutory additions to taxes for the 2001, 2002, and 2003 tax years.  Because the United States has established its *prima facie* case for liability and Defendants have not produced any evidence creating an issue of fact as to the correctness of the tax assessments, the motion for summary judgment will be granted.

## I. Background

On November 21, 2011, the United States commenced this action by filing a Complaint for Federal Taxes. (*Compl.*) In Count I of the Complaint, the United States seeks to reduce to judgment joint tax assessments against Mr. Goldstein and Mrs. Goldstein. (*Id*. at ¶¶ 8-13.) As relief, the United States requests judgment be entered in its favor for unpaid federal income taxes, penalties, and interest relating to the tax years 1997, 2004, 2008, and 2009, as well as interest and penalties that will continue to accrue until payment. (*Id*. at ¶ 13.)  In Count II, the United States seeks to reduce to judgment the individual tax

assessments against Mr. Goldstein. (*Id*. at ¶¶ 14-19.) The United States requests judgment in its favor for unpaid federal income taxes and penalties from tax years 2001, 2002, and 2003, as well as interest and penalties that will continue to accrue until payment. (*Id*. at ¶ 19.)

On October 1, 2012, the United States filed the instant motion for summary judgment seeking judgment as a matter of law on both Counts of the Complaint. (Doc. 10.) In support of its motion, the United States attached the Declaration of Eric Conahan, a Revenue Officer in the Scranton, Pennsylvania office of the Internal Revenue Service, and copies of signed and certified IRS Forms 4340, Certificates of Assessments and Payments, for the income tax years 1997, 2001, 2002, 2003, 2004, 2008, and 2009. (*Conahan Decl.*, ¶¶ 1-15, Exs. 101-107.)

According to Mr. Conahan, Mr. Goldstein and Mrs. Goldstein have an unpaid balance of tax assessments, including statutory additions, interests, and penalties, totaling $288,138.75 as of October 8, 2012 for tax years 1997, 2004, 2008, and 2009. (*Id*. at ¶¶ 5, 9.)  And, despite notice and demands for payments of these assessments, Mr. Goldstein and Mrs. Goldstein have failed to fully pay the accrued and assessed tax liability. (*Id*. at ¶ 7.) As to Mr. Goldstein's delinquent federal income tax liabilities for the years 2001, 2002, and 2003, Mr. Conahan asserts that the total amount of the assessments along with accrued interest and penalties owed by Mr. Goldstein equals $264,443.48 as of October 8, 2012. (*Id*. at ¶¶ 11-15.) Despite notice and demands for payments, Mr. Goldstein has failed to pay in full the accrued and assessed tax liabilities. (*Id*. at ¶ 13.) Based on the Declaration of Mr. Conahan, along with the Certificates of Assessments and Payments attached to the Declaration, the United States asserts that no genuine issue of material fact exists in this action.

In opposition, Defendants argue that issues of material fact remain in this case.

Specifically, Defendants claim:

> They have specifically denied the monetary amounts that the United States' complaint alleges are due. The Defendants also have denied the United States' allegation that they have not paid the amounts due; to the contrary, the Defendants have alleged that they have made payments toward these amounts. The amounts due to the United States at the time of any assessment, and after any payments were made by the Defendants, are thus in dispute. Summary judgment must be denied because of these factual issues.

(Doc. 14.) Additionally, Defendants argue that summary judgment is inappropriate because the individual tax assessments claimed against Mr. Goldstein for the taxable years 2001, 2002, and 2003 are asserted against the incorrect taxpayer, as he filed an amended tax return for those years. (*Id*.) Mr. Goldstein and Mrs. Goldstein in their opposition to the motion for summary judgment, however, fail to attach any supporting evidence by way of affidavits, declaration, or deposition testimony to substantiate their claim that the tax assessments are inaccurate. Instead, Defendants simply rely on the denials in their pleading (the Answer to the Complaint).

In reply to Defendants' opposition, the United States notes that the mere denial of allegations in a pleading is insufficient to create an issue of material fact to survive summary judgment. (Doc. 15.) And, because its *prima facie* case has not been rebutted by Defendants, the United States argues that it is entitled to judgment as a matter of law. (*Id*.) Now, as the motion for summary judgment has been fully briefed, it is ripe for disposition.

## II. Legal Standard

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Summary judgment is appropriate when 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Wright v. Corning*, 679 F.3d 101, 103 (3d Cir. 2012)

(quoting *Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995)). A fact is material if proof of its existence or nonexistence might affect the outcome of the suit under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Where, however, there is a disputed issue of material fact, summary judgment is appropriate only if the factual dispute is not a genuine one. *Anderson*, 477 U.S. at 248. An issue of material fact is genuine if "a reasonable jury could return a verdict for the nonmoving party." *Id*. Where there is a material fact in dispute, the moving party has the initial burden of proving that: (1) there is no genuine issue of material fact; and (2) the moving party is entitled to judgment as a matter of law. *See* 2D Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2727 (2d ed.1983). The moving party may present its own evidence or, where the nonmoving party has the burden of proof, simply point out to the court that "the nonmoving party has failed to make a sufficient showing on an essential element of her case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

"When considering whether there exist genuine issues of material fact, the court is required to examine the evidence of record in the light most favorable to the party opposing summary judgment, and resolve all reasonable inferences in that party's favor." *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). Once the moving party has satisfied its initial burden, the burden shifts to the non-moving party to either present affirmative evidence supporting its version of the material facts or to refute the moving party's contention that the facts entitle it to judgment as a matter of law. *Anderson*, 477 U.S. at 256–57. The Court need not accept mere conclusory allegations, whether they are made in the complaint or

4

a sworn statement. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888, 110 S. Ct. 3177, 111 L. Ed. 2d 695 (1990). And, "[t]o defeat summary judgment, [the non-moving party] 'cannot rest simply on the allegations in the pleadings,' but 'must rely on affidavits, depositions, answers to interrogatories, or admissions on file.'" *GFL Advantage Fund, Ltd. v. Colkitt*, 272 F.3d 189, 199 (3d Cir. 2001) (quoting *Bhatla v. U.S. Capital Corp.*, 990 F.2d 780, 787 (3d Cir. 1993)); *see also Tilden Fin. Corp. v. Palo Tire Serv., Inc.*, 596 F.2d 604, 608 (3d Cir. 1979).

"To prevail on a motion for summary judgment, the non-moving party must show specific facts such that a reasonable jury could find in that party's favor, thereby establishing a genuine issue of fact for trial." *Galli v. New Jersey Meadowlands Comm'n*, 490 F.3d 265, 270 (3d Cir. 2007) (citing Fed.R.Civ.P. 56(e)). "While the evidence that the non-moving party presents may be either direct or circumstantial, and need not be as great as a preponderance, the evidence must be more than a scintilla." *Id.* (quoting *Hugh v. Butler County Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005)). In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

### III. Analysis

As set forth above, the United States seeks to reduce joint tax assessments and individual tax assessments to judgment in this case. In tax law, "an assessment is closely tied to the collection of a tax, *i.e.,* the assessment is the official recording of liability that triggers levy and collection efforts." *Hibbs v. Winn*, 542 U.S. 88, 101, 124 S. Ct. 2276, 159 L. Ed. 2d 172 (2004); *see also* 26 U.S.C. § 6203.

"It is well established in the tax law that an assessment is entitled to a legal presumption of correctness-a presumption that can help the Government prove its case

against a taxpayer in court." *United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242-43, 122 S. Ct. 2117, 153 L. Ed. 2d 280 (2002) (citing *United States v. Janis*, 428 U.S. 433, 440, 96 S. Ct. 3021, 49 L. Ed. 2d 1046 (1976); *Palmer v. IRS*, 116 F.3d 1309, 1312 (9th Cir. 1997); *Psaty v. United States*, 442 F.2d 1154, 1160 (3d Cir. 1971); *United States v. Lease*, 346 F.2d 696, 700 (2d Cir. 1965)). Thus, "the United States can establish a *prima facie* case of the tax liability charged by introducing into evidence certified copies of the certificates of tax assessment." *United States v. Stuler*, 396 F. App'x 798, 801 (3d Cir. 2010) (citing *United States v. Sarubin*, 507 F.3d 811, 816 (4th Cir. 2007)); *see also Psaty*, 442 F.2d at 1159 ("The presumption of correctness afforded the Commissioner's determination allows the Government to establish a *prima facie* case of liability merely by offering into evidence a certified copy of the Commissioner's assessment." (citing *Adams v. United States*, 358 F.2d 986, 994 (Ct. Cl. 1966))). Once a *prima facie* case has been established, the taxpayer bears the burden of proving that the assessment is incorrect. *See Stuler*, 396 F. App'x at 801 (citing *Francisco v. United States*, 267 F.3d 303, 319 (3d Cir. 2001)).

Here, the United States has established its *prima facie* case against Defendants. Specifically, the United States submitted the Declaration of Revenue Officer Eric Conahan and copies of the Certificates of Assessments and Payments. (*Conahan Decl.*) Pursuant to the aforementioned authority, this is sufficient evidence for the United States to establish its *prima facie* case to reduce to judgment the federal tax assessments made against Defendants. As such, Mr. Goldstein and Mrs. Goldstein must present evidence demonstrating that a genuine issue of material fact exists as to the accuracy of the assessments in order to withstand the United States' motion for summary judgment.

The United States' motion will be granted because Defendants have failed to present any evidence creating an issue of fact as to the correctness of the tax assessments. Instead, Defendants have simply relied on the denials in their pleading as support for their

assertion that a genuine issue of material fact exists in this case. However, it is well-settled that the non-moving party cannot defeat summary judgment by simply relying on the denials in its pleading. *See, e.g., GFL Advantage Fund, Ltd.*, 272 F.3d at 199. Indeed:

> Given the opportunity to respond to a movant's affidavits, an adverse party may not rest upon a mere cryptic and conclusory allegation in his pleading, but must set forth specific facts showing that there is a genuinely disputed factual issue for trial. Where this opportunity to supplement the record is ignored, summary judgment for the movant who has carried his burden of proof is appropriate.

*Tilden Fin. Corp.*, 596 F.2d at 607-08 (quoting *Tunnell v. Wiley*, 514 F.2d 971, 976 (3d Cir. 1975)). Defendants' insistence that mere denials contained in their pleading establish a genuine issue of material fact is directly contradicted by the law as set forth in *Tilden* and *GLF Advantage Fund*. Thus, Defendants' denials of Plaintiff's allegations are insufficient to create an issue of fact. And, as no evidence has been provided by Defendants supporting their claim that the assessments are inaccurate, they fail to carry their burden to demonstrate that an issue of material fact exists as to the correctness of the assessments. Accordingly, summary judgment will be granted to the United States on Counts I and II of the Complaint.

### IV. Conclusion

For the above stated reasons, Plaintiff United States of America's motion for summary judgment will be granted. Judgment will be entered in favor of the United States and against Mr. Goldstein and Mrs. Goldstein on Count I of the Complaint, and judgment will be entered in favor of the United States and against Mr. Goldstein on Count II of the Complaint.

An appropriate order follows.

November 21, 2012  /s/ A. Richard Caputo
Date  A. Richard Caputo
  United States District Judge